NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MATHEW CARL DAVEE, *Appellant.*

No. 1 CA-CR 23-0050
FILED 12-05-2023

Appeal from the Superior Court in Yavapai County
No.  P1300CR201500754
The Honorable John David Napper, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

**¶1**		This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Mathew Davee has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Davee was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and has found no reversible error. Thus, Davee's conviction and resulting sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**		A jury found Davee guilty of aggravated assault, a Class 3 felony, for stabbing a man during a physical altercation. The jury also found the State had proven the alleged aggravators of emotional and financial harm to the victim.

**¶3**		At a January 2023 sentencing, the court considered Davee's mental health history as a mitigating factor. It found that the mitigating factor outweighed the aggravating factors and sentenced Davee to a five-year prison term, a less than presumptive term; properly awarding him 995 days' of presentence incarceration credit and imposed a $1,000 fine. This court has jurisdiction over Davee's timely appeal under A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶4**		The record shows that Davee was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the verdict. The prison sentence imposed was within statutory limits, and the award of presentence incarceration credit was correct. And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶5** This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Davee's conviction and resulting sentence is affirmed.

**¶6** Upon the filing of this decision, defense counsel is directed to inform Davee of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, (1984). Davee has 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.

